**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-00036-CMA-NYW

BARBARA MILLMAN,

      Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

**ORDER**

---

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. #
8). The Motion is granted for the following reasons.

**I.      BACKGROUND**

      This is an insurance bad-faith case. Plaintiff, Barbara Millman, purchased a
homeowners insurance policy from Defendant, State Farm Fire and Casualty Company
("State Farm"). (Doc. # 1, ¶ 1). During the policy period, a water leak caused flooding in
Plaintiff's kitchen, family room, and bathroom, resulting in water damage to Plaintiff's
home. (Doc. # 1, ¶ 6). Plaintiff submitted an insurance claim, and Defendant paid a total
of $23,330.95 to cover the cost of repairs. (Doc. # 8-1, ¶ 8). Plaintiff now alleges that the
"true cost" of the necessary repairs was $53,933.43, and she is suing Defendant to
recover the difference. (Doc. # 8-1, ¶ 10). Plaintiff asserts claims for breach of contract
and violations of Colorado's insurance bad-faith statutes, C.R.S. 10-3-1115 and -1116.

She seeks a total of $82,954.44 in damages: $27,651.48 in unpaid benefits due under the policy, and $55,302.96 in punitive damages under the bad-faith statutes. (Doc. # 8, ¶ 7). She also seeks $3,030.00 in attorney fees and $467.00 in costs, for a total ward of $86,451.44. (Doc. # 8, ¶ 7).

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31,

2

2019) (citing *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014)).

It "remains for the court to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit conclusions of law."

*Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30,

2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420

(S.D.N.Y. 2000)).

      In the context of a default judgment, a plaintiff "must . . . establish that on the law

it is entitled to the relief it requests, given the facts as established by the default." *PHL*

*Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2

(E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB)

(ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local*

*Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150

(SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

### III.   ANALYSIS

      Following a clerk's entry of default, courts follow two steps before granting default

judgment. First, a court must ensure it has subject matter and personal jurisdiction.

*Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v.*

*DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against

defendant over whom court has no personal jurisdiction is void). Defects in personal

jurisdiction are not waived by default when a party fails to appear or to respond, and the

plaintiff bears the burden of proving personal jurisdiction before a default judgment may

be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on

the basis of the pleadings and affidavits, that burden may be met by a prima facie

showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-

KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633

F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact, which

are admitted by a defendant upon default, support a judgment on the claims against the

defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff

in a default action did not need to prove complaint's factual allegations; however,

judgment must be supported by a sufficient basis in the pleadings).

**A.      JURISDICTION**

      1.      <u>Subject Matter Jurisdiction</u>

The Court has diversity jurisdiction over the instant action. Plaintiff is a Colorado

resident and Defendant is an Illinois corporation with its principal place of business in

Illinois. (Doc. # 1, ¶¶ 2-3). The amount in controversy exceeds $75,000: Plaintiff seeks

$82,954.44 in damages, excluding interest, reasonable attorneys' fees, costs, and the

value of the Retained Collateral. (Doc. # 1, ¶ 4; Doc. # 8, ¶ 7). Therefore, the Court has

diversity jurisdiction pursuant to 28 U.S.C. § 1332.

      2.      <u>Personal Jurisdiction</u>

The Court also finds that it has personal jurisdiction over Defendant because

service was adequate, *see Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F.

Supp. 3d 1235, 1241 (D. Colo. 2015), and exercising jurisdiction over Defendant

comports with constitutional due process demands, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

First, the Court finds that Plaintiff's service of process on Defendant was complete, adequate, and done in accordance with Fed. R. Civ. P. 4. Plaintiff effected service on January 11, 2021, by serving the summons and Complaint on Defendant's registered agent, Corporation Service Company. (Doc. # 4). The contents of the summons and the service thereof complied with the requirements of Rule 4, and the Court therefore finds that service was adequate.

Next, the Court finds that exercising jurisdiction over Defendant comports with constitutional due process demands. Defendant sold an insurance policy to Plaintiff, a Colorado resident, which covered Plaintiff's property in the state of Colorado. (Doc. # 1, ¶ 5). Further, a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within the State of Colorado. This, Defendant purposefully availed itself of the laws of this forum, and accordingly, the Court has personal jurisdiction over Defendant.

**B.     FAILURE TO DEFEND**

1.     <u>Defendant's Default</u>

It is clear from the record that Defendant has defaulted. Plaintiff served Defendant on January 11, 2021, but Defendant has failed to answer or otherwise respond to the Complaint. (Doc. # 4). The time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendant on February 5, 2021. (Doc. # 7).

2.    Liability

The Court also finds that Plaintiff's Complaint, the attachments thereto, and the documentation submitted in support of her Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762.

Accepting the well-pled allegations in the Complaint as true, the Court finds that the allegations support entry of default judgment against Defendant on Plaintiff's breach-of-contract and insurance bad-faith claims. First, Plaintiff has alleged that she purchased a homeowners insurance policy, Policy No. 06-CQ-M461-0 ("Policy") from Defendant for the property located at 2069 Garland St., Lakewood, CO 80215. The Policy covers water damage to the property and was in effect on August 5, 2019. (Doc. # 1, ¶ 7). On that date, a water leak caused flooding in the kitchen, family room, and bathroom of the insured property, cause water damage. (Doc. # 1, ¶ 6). The total cost to repair the damage was $53,933.43. (Doc. # 1, ¶ 21). Defendant paid a total of $23,330.95 to cover the cost of repairs, but it has not paid Plaintiff the total amount due under the policy. (Doc. # 1, ¶ 25; Doc. # 8-1, ¶ 8). The allegations in the Complaint establish that Defendant's failure to pay the full amount due under the policy was unreasonable and a breach of Plaintiff's insurance policy.

3.    Damages

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments

from receiving more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc*., No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc*., 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id.* (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc*., 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. Plaintiff requests an award of breach-of-contract damages amounting to the total amount due to repair the damage caused by the August 5, 2019 flood. (Doc. # 8-1, ¶ 7). Plaintiff has demonstrated that she is owed she is owed $27,651.48 in unpaid benefits due under the policy.

"Generally, in a breach of contract action, a plaintiff may recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred." *Smith v. Farmers Ins. Exch*., 9 P.3d 335, 337 (Colo. 2000); *see also ALLTEL Info. Servs., Inc. v. F.D.I.C*., 194 F.3d 1036, 1039 n.3 (9th Cir. 1999) ("Expectation damages are the ordinary basis for damages for breach of contract."). In

this case, Plaintiff has demonstrated that $27,651.48 is the amount necessary to place her in the position she would have been in had Defendant not breached the terms of its insurance contract with Plaintiff. Therefore, Plaintiff is entitled to recover that sum as damages for her breach-of-contract claim.

      4.    <u>Statutory Damages Under C.R.S. § 10-3-1116</u>

Plaintiff also seeks an award of two times the covered benefit and attorney fees and court costs as provided by C.R.S. § 10-3-1116. That statute provides that "[a] first party claimant[1] . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." C.R.S. § 10-3-1116(1). Plaintiff has demonstrated that she made a claim for benefits, and that Defendant failed to pay $27,651.48 of the benefits due under the Policy. Plaintiff has also demonstrated that Defendant had no reasonable basis for failing to pay her that amount. Therefore, Plaintiff is entitled to recover two times the covered benefit, amounting to $55,302.96.

Under § 10-3-1116, Plaintiff is also entitled to an award of attorney fees and costs. It is within the court's discretion to determine a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010). A lodestar calculation involves multiplying the number of hours an attorney

---

[1] "'First-party claimant'" means an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." Colo. Rev. Stat. Ann. § 10-3-1115(1)(b)(I).

expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Once the Court determines the lodestar amount, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). "The party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (quoting *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998)). Plaintiff has met this burden.

In this case, Plaintiff seeks attorney fees in the amount of $3,030.00, reflecting 10.1 hours billed at an hourly rate of $300 per hour. (Doc. # 8-7). The Court has reviewed counsel's billing entries and finds that counsel exercised proper billing judgment. The court also finds that counsel's billed rate of $300 per hour is appropriate for the type of work performed in this case, and it is in line with the prevailing rate in the Denver area for similar work. Finally, the Court finds that Plaintiff has provided support for the court costs it seeks. Plaintiff has provided receipts to show that she incurred $65.00 in service-of-process fees and $402.00 in filing fees.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff's Motion Default Judgment Against Defendant State Farm Fire and Casualty Company (Doc. #8) is hereby GRANTED;

- Plaintiff is awarded a total judgment of $86,451.44, consisting of:

  o Breach-of-contract damages in the amount of $27,651.48;

  o Two-times the covered benefit pursuant to C.R.S. § 10-3-1116 in the amount of $55,302.96;

  o attorney fees in the amount of $3,030.00; and

  o costs in the amount of $467.00.

- the Clerk of Court is DIRECTED to enter final judgment in favor of Plaintiff BARBARA MILLMAN and against Defendant STATE FARM FIRE AND CASUALTY COMPANY in the total amount of $86,451.44.

DATED: July 29, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge